IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2050-FL

| | |
|---|---|
| GRADIE LEE RHODES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RICKY DUKE, ) | |
| ) | |
| Respondent. ) | |

This matter came before the court on the motion to dismiss (DE 9) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Petitioner did not respond to respondent's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On February 8, 2010, in the New Hanover County Superior Court, petitioner pleaded guilty to first-degree murder, and was sentenced to life imprisonment without parole. (Pet. Attach. pp. 20-23, 28.) Petitioner did not file a direct appeal. (Id. ¶ 8.)

On November 21, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR"), motion for preparation of stenographic transcript, and motion to withdraw his guilty plea in the New Hanover County Superior Court. (Id. Attach. pp. 2-16, 33-43.) On December 19, 2013, the superior

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

court denied petitioner's motions. (Id. pp. 45-47.) On January 16, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals.[2] (Resp't's Ex. 1.)

On March 10, 2014,[3] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) his guilty plea was involuntary and invalid; (2) his "conviction [was] obtained due to the denial of the right to appeal, without knowing, voluntary, and valid waiver;" (3) he is entitled to appellate review of the denial of his motion to withdraw his guilty plea, which was incorporated into his MAR; and (4) he was denied effective assistance of counsel because his attorney failed to discuss any potential defenses, including self-defense. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. Although petitioner was notified of respondent's motion to dismiss, petitioner did not respond.

**DISCUSSION**

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] There is no evidence in the record reflecting that the court of appeals ruled upon petitioner's certiorari petition. Accordingly, the court assumes that petitioner's petition for a writ of certiorari remains pending.

[3] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated March 10, 2014, but filed on March 13, 2014, to be filed on March 10, 2014. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final.[4] Judgment in this case was entered on February 8, 2010. Petitioner thereafter had 14 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a) (amended October 18, 2001, to allow fourteen (14) days to file notice of appeal). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on February 22, 2010. As a result, petitioner's one-year statutory period began to run on February 22, 2010, and ran for three hundred sixty-five (365) days until it expired on February 22, 2011.

Petitioner's November 21, 2013, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed,

---

[4] Petitioner is not entitled to belated commencement of the limitation period under § 2244(d)(1)(D). The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003) (finding that the one-year statute of limitation began to run on the date petitioner's good-time credits were rescinded)). Here, petitioner did not raise the instant claims until he filed his MAR on November 21, 2013. Petitioner suggests in his petition that his failure to raise the instant claims for over three years was due, in part, to the fact that he received ineffective assistance of counsel. Petitioner does not explain how his counsel's ineffectiveness prevented him from raising this claim for over three years. Nor does petitioner explain how he finally discovered the facts underlying his alleged claim. Finally, petitioner has not presented any evidence to demonstrate how he exercised due diligence to discover the factual predicate of his claim. Because petitioner has not shown that he exercised due diligence to discover his claim, the timeliness of this claim should be calculated based upon the date petitioner's conviction became final.

4

207 F. App'x 271(4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner first contends that he is entitled to equitable tolling because the MAR court's failure to address petitioner's motion to withdraw his guilty plea interfered with petitioner's right to appeal the adjudication of such motion pursuant to N.C. Gen Stat. § 15A-1444(e). The record in this case reflects that petitioner filed his *pro se* motion to withdraw his guilty plea contemporaneously with his MAR and motion for preparation of stenographic transcript. The MAR court then ruled upon petitioner's motions on December 19, 2013. Although the MAR court did not specifically mention petitioner's motion to withdraw his guilty plea in its December 19, 2013, order, as petitioner concedes in his petition, petitioner's motion to withdraw his guilty plea "coexisted"

5

with his MAR, and the MAR court's ruling adjudicated both filings. (Mem. in Supp. of Pet. p. 5 and Attach. pp.45-47.) Petitioner, thereafter, sought review of the MAR court's ruling by filing a petition for a writ of certiorari in the court of appeals.

Based upon the foregoing, petitioner has not presented the extraordinary circumstances necessary to justify equitable tolling. In particular, there is no evidence to support a finding that the MAR court intended to interfere or prevent petitioner from appealing its decision pursuant to N.C. Gen. Stat. 15A-1444(e). Moreover, errors with state post-conviction proceedings are not cognizable on federal habeas review. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Thus, petitioner is not entitled to equitable tolling on this ground.

Finally, petitioner suggests that he is entitled to equitable tolling because his counsel failed to explain that petitioner's entry of a guilty plea would waive his right to a direct appeal. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but cf. Holland v. Florida, 560 U.S. 631 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's

6

reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Petitioner's allegations of ineffective assistance in connection with petitioner's appellate rights are insufficient to establish that the alleged negligence in this case was anything other than a "garden variety claim of excusable neglect." Oriakhi, 394 F. App'x at 977. Petitioner's unfamiliarity with the law is not a basis for equitable tolling. Snyder v. Warden, No. ELH-11-1392, 2011 WL 3665029, at *2 (D. Md. Aug. 18, 2011). Additionally, petitioner has not explained his over three year delay in raising the instant issue in his MAR.[5] See id. ("His general claim of ineffective assistance fails to provide a basis for equitable tolling. First, Snyder fails to show that he diligently pursued his rights.") Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground. Because petitioner has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

In addition to his equitable tolling claims, petitioner contends that his action is not time-barred because he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. ––––, ––––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must

---

[5] To the extent petitioner relies upon the United States Supreme Court's decisions in Martinez v. Ryan, __U.S. __, 132 S.Ct. 1309 (2012), Trevino v. Thaler, __ U.S. __, 133 S.Ct. 1911 (2013), to support his equitable tolling claim, petitioner is not entitled to relief. Martinez and Trevino are inapplicable to the determination of timeliness under AEDPA's one-year statute of limitations because they each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend Martinez and Trevino rules to time-barred § 2254 petitions); see also, Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ("*Martinez* and *Trevino* each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, *Martinez* and *Trevino* are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations.""), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014).

show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at ––––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that he is actually innocent of the first-degree murder conviction because he acted in self-defense. Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence or any justifiable explanation for his delay in raising his actual innocence claim. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the validity of his convictions,[] falls far short of meeting this exacting standard. Therefore, petitioner's reliance on *McQuiggin* to overcome the untimeliness of this petition is unavailing."), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

C. Certificate of Appealability

8

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

9

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 9) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge